Zachary C. Frampton (SBN 303225)
Email: zframpton@reedsmith.com
Steven P. Warner (SBN 159404)
Email: swarner@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendant
Synchrony Bank

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

Rebekah Kearn,

Plaintiff,

vs.

Synchrony Bank, Does 1-10 inclusive,

Defendant.

Case No.: 20-415

[Removal from the Superior Court of California, County of Kern, Case No. BCL-20-012486]

**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441**

Action Filed: April 15, 2020

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA**:

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Synchrony Bank ("Synchrony") hereby files a Notice of Removal for the above-captioned action from the Superior Court of the State of California for the County of Kern to the United States District Court for the Eastern District of California. In support of this Notice of Removal, Synchrony states as follows:

1. Synchrony is a named defendant in a lawsuit that was filed on April 15, 2020, in the Superior Court of Kern, California, styled *Rebekah Kearn v.*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*Synchrony Bank, and Does 1-10, Inclusive,* Case No. BCL-20-012486 (the "State Court Action").

2. On May 13, 2020, Synchrony received a copy of the Summons, Complaint, and Civil Case Cover Sheet. True and correct copies are attached hereto as **Exhibit A**.

3. As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Synchrony has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## GROUNDS FOR REMOVAL

### I. Synchrony Has Satisfied The Procedural Requirements For Removal.

4. On May 13, 2020, Synchrony received a copy of the Complaint. Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because Synchrony is filing its Notice of Removal within 30 days of its receipt of the initial pleading setting forth the claim for relief upon which the action is based.

5. This Court is the proper division because it embraces the Superior Court of the State of California for the County of Kern, where Plaintiff's action is pending. *See* 28 U.S.C. §§ 1441 and 1446(a).

6. No previous request has been made for the relief requested herein.

7. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff, and a copy is being filed with the State Court Clerk.

### II. Removal Is Proper Because This Court Has Subject Matter Jurisdiction.

8. Under 28 U.S.C. § 1331, United States District Courts are vested with jurisdiction to consider cases or controversies "arising under" the laws of the United States of America. *See* 28 U.S.C. § 1331.

9. Removal of such cases is governed by 28 U.S.C. § 1441(b). Section 1441(b) makes clear that a case brought in state court, raising a federal question,

"*shall* be removable" to the United States District Courts "without regard to the citizenship or residence of the parties." *See* 28 U.S.C. § 1441(b) (emphasis added).

10. Here, Plaintiff's Complaint purports to assert a claim against Synchrony for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA"). *See* Complaint ¶¶ 21-26.

11. Plaintiff's Complaint alleges Synchrony is improperly using an automatic telephone dialing system to call Plaintiff's cellular phone, an alleged violation of a federal statute, the TCPA, and consequently Plaintiff's Complaint "arises under" the laws of the United States. *See* 28 U.S.C. § 1331. Therefore, this Court may properly exercise jurisdiction over this claim.

12. To the extent that any other claims in this action may arise under state law, supplemental jurisdiction over such claims exists pursuant to 28 U.S.C. § 1367.

13. Given that the requirements for federal question jurisdiction are satisfied, this case is properly removed.

WHEREFORE, Defendant Synchrony Bank, by counsel, respectfully requests that the above-referenced action, originally filed in the Superior Court of the State of California for the County of Kern, be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

DATED: June 11, 2020

REED SMITH LLP

By: /s/ *Steven P. Warner*
Steve Warner
Attorneys for Defendant
Synchrony Bank

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## CERTIFICATE OF SERVICE

I certify that on this 11th day of June, 2020, the foregoing I caused the foregoing to be served  in accordance with the Court's CM/ECF system which will send notification of such filing by notice via email to the ECF participants of record a true copy of this document.

By: *\/s/ Steven P. Warner*
Steve Warner
Attorneys for Defendant
Synchrony Bank

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# EXHIBIT A

EXHIBIT A

CT Corporation

**Service of Process Transmittal**
05/13/2020
CT Log Number 537660396

**TO:** Talaya Kluttz
Synchrony Financial
380 St. Peter Street, Suite 1100
Saint Paul, MN 55102

**RE: Process Served in California**

**FOR:** Synchrony Bank (Domestic State: UT)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:** REBEKAH KEARN, PLTF. vs. SYNCHRONY BANK, ET AL., DFTS.

**DOCUMENT(S) SERVED:** -

**COURT/AGENCY:** None Specified
Case # BCL20012486

**ON WHOM PROCESS WAS SERVED:** C T Corporation System, Los Angeles, CA

**DATE AND HOUR OF SERVICE:** By Process Server on 05/13/2020 at 10:55

**JURISDICTION SERVED :** California

**APPEARANCE OR ANSWER DUE:** None Specified

**ATTORNEY(S) / SENDER(S):** None Specified

**ACTION ITEMS:** SOP Papers with Transmittal, via UPS Next Day Air , 1ZX212780130774825

Image SOP

Email Notification, Talaya Kluttz talaya.l.kluttz@syf.com

Email Notification, Synchrony Financial Litigation syf.litigation@synchronyfinancial.com

Email Notification, DAKEISHA GEARHEART dakeisha.gearheart@syf.com

**SIGNED:** C T Corporation System
**ADDRESS:** 155 Federal St Ste 700
Boston, MA 02110-1727

**For Questions:** 800-448-5350
MajorAccountTeam1@wolterskluwer.com

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

5-13-20 @ 1045

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
ELECTRONICALLY FILED
5/11/2020
Kern County Superior Court
By Candice Rocha, Deputy

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

SYNCHRONY BANK, Does 1-10 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

REBEKAH KEARN,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Metropolitan Division
1415 Truxton Ave
Bakersfield, CA 93301

CASE NUMBER: *(Número del Caso):* BCL-20-012486

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, Adrian R. Bacon, 21550 Oxnard St., Suite 780 Woodland Hills, CA 91367, 323-306-4234

DATE: *(Fecha)* 5/11/2020 TAMARAH HARBER-PICKENS Clerk, by *(Secretario)* Candice Rocha, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: **SYNCHRONY BANK**

   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☒ by personal delivery on *(date)*: 5-13-20

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

ELECTRONICALLY FILED
4/15/2020 2:28 PM
Kern County Superior Court
By Candice Rocha, Deputy

Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com

Attorneys for Plaintiff

**SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF KERN
LIMITED JURISDICTION**

**REBEKAH KEARN,**

Plaintiff,

vs.

**SYNCHRONY BANK,** Does 1-10 inclusive,

Defendant.

Case No. BCL-20-012486

**COMPLAINT
(Amount not to exceed $10,000)**

1. Violation of Rosenthal Fair Debt Collection Practices Act
2. Violation of Telephone Consumer Protection Act

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq*. (hereinafter "RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq*. (hereinafter "TCPA").

## II. PARTIES

2. Plaintiff, REBEKAH KEARN (hereinafter "Plaintiff"), is a natural person residing in Kern County in the state of California and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3. At all relevant times herein, Defendant, SYNCHRONY BANK, (hereinafter "Defendant"), is a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due them, and therefore is a "debt collector" as defined by the RFDCPA, Cal Civ Code §1788.2(c). Further, Defendant uses an "automatic telephone dialing system" as defined by the TCPA, 47 U.S.C. §227.

## III. FACTUAL ALLEGATIONS

4. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

5. Plaintiff financed a mattress purchase through defendant in April 2017. The purchase was paid off August 2017.

6. In or around May of 2017, Defendant reported a derogatory remark on Plaintiff's consumer credit report, namely a debt that Plaintiff does not owe. The debt is associated with a second mattress purchase that was not authorized by Plaintiff.

7. Thereafter Defendant began making numerous calls to Plaintiff's phone number ending in -5642 in an attempt to collect on the debt she does not owe. Defendant repeatedly called Plaintiff from numbers verified to be owned by Defendant.

8. Plaintiff disputed the fraudulent charges with Defendant's fraud department.

9. Defendant's fraud department resolved Plaintiff's dispute in her favor.

10. Thereafter, Defendant transferred the balance to a new account and resumed their pattern of calling Plaintiff to collect on a debt that is not hers.

11. Defendant used an "automatic telephone dialing system," as defined by *47 U.S.C. § 227(a)(1),* to place its repeated collection calls to Plaintiffs seeking to collect the debt allegedly owed.

12. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A).*

13. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to *47 U.S.C. §227(b)(1)*.

14. As a result of Defendant's actions, Plaintiff have retained counsel.

15. §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

16. Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

   a) Falsely representing the character, amount, or legal status of Plaintiff's debt (15 U.S.C. § 1692e(2)(A));

   b) Communicating or threatening to communicate credit information which is known or which should be known to be false (15 U.S.C. § 1692e(8));

   c) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (15 U.S.C. § 1692e(10));

   d) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code § 1788.11(d));

   e) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code § 1788.11(e));

   f) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§ 1692d(5));

      g) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1)); and,

h) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§ 1692d)).

17. Defendant's conduct violated the TCPA by:

a) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

18. As a result of the above violations of the RFDCPA and TCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

**COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

19. Plaintiff reincorporates by reference all of the preceding paragraphs.

20. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

**COUNT II: VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT**

21. Plaintiff incorporates by reference all of the preceding paragraphs.

22. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

23. As a result of Defendant's negligent violations of *47 U.S.C. §227 et seq.*,

Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

24. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

25. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

26. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Actual damages;

B. For statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30;

C. For statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(1) of the FDCPA, made applicable through Cal. Civ. Code § 1788.17 of the RFDCPA;

D. As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1),* Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*;

E. As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)* and

F. Costs and reasonable attorney's fees;

G. Any and all other relief that the Court deems just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 15th day of April, 2020.

By: ______________________
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Todd M. Friedman, Esq. SBN 216752
Law Offices of Todd M. Friedman
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
TELEPHONE NO.: 323-306-4234 FAX NO.: 866-633-0228
ATTORNEY FOR (Name): Plaintiff, REBEKAH KEARN

FOR COURT USE ONLY
ELECTRONICALLY FILED
4/15/2020 2:28 PM
Kern County Superior Court
By Candice Rocha, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Kern
STREET ADDRESS: 1415 Truxton Ave
MAILING ADDRESS: 1415 Truxton Ave
CITY AND ZIP CODE: Bakersfield 93301
BRANCH NAME: Metropolitan Division

CASE NAME:
Rebekah Kearn vs. Synchrony Bank

**CIVIL CASE COVER SHEET**
[ ] Unlimited (Amount demanded exceeds $25,000)
[✓] Limited (Amount demanded is $25,000 or less)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: BCL-20-012486
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[✓] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (*check all that apply*): a. [✓] monetary b. [✓] nonmonetary; declaratory or injunctive relief c. [✓] punitive
4. Number of causes of action (*specify*): 2 (Violation of Rosenthal Fair Debt Collection Practices Act)
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: April 15, 2020
Todd M. Friedman
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition